*Daniel J. Rylander, P.C.*
*Attorney At Law*
*2701 E. Speedway Blvd., Suite 203*
*Tucson, Arizona 85716*
*Office (520) 299-4922-Fax (520) 299-1482*
*ecf@robrylaw.com*

Daniel J. Rylander
PAN #64969 – Ariz. Bar #15279
Attorney for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 case |
| G6 LIMITED PARTNERSHIP, | No. 4:17-bk-12003-SHG |
| Debtor. | **CHAPTER 11 PLAN OF REORGANIZATION FILED JULY 9, 2018** |

Debtor G6 Limited Partnership ("Debtor" or "G6") hereby proposes the following Plan of Reorganization (hereinafter referred to as the "Plan"):

I.   DEFINITIONS

Terms used in this Plan shall be subject to definitions of such terms in the Bankruptcy Code, but for the purpose of the Plan, the following terms shall have the respective meanings hereinafter set forth:

A.   Administrative Claim:  Administrative Claim means any claim for any cost or expense of administration in connection

1

with the Chapter 11 case, in accordance with Section 503(b) of the Code, including, but not limited to:

1.    The actual, necessary costs and expenses of preserving the estate and of operating the business of the Debtor (other that such claims or portions thereof which, by their express terms, are not due or payable by the Effective Date;

2.    The full amount of all claims for allowances of compensation for legal or other professional services or reimbursement of costs and expenses under Section 330 or Section 503(b) of the Code or otherwise allowed by the Bankruptcy Court;

3.    All fees and charges assessed against the Debtor' estates under Chapter 123 of Title 28, United States Code;

B.    Allowed Claim or Allowed Interest or Allowed Amount: Allowed Claim or Allowed Interest means any claim against or equity security interest in the Debtor to the extent that:

1.    proof of such claim or interest was

a)    timely filed;

deemed filed pursuant to §1111(a) of the Bankruptcy Code; and

2.    proof of such claim or interest

a)    which is not a Disputed Claim, or

b)    which is allowed (and only to the extent allowed) by a Final Order.

2

C.   Allowed Deficiency Claim:  Allowed Deficiency Claim means an Allowed Claim of the holder of a Claim to the extent of the amount of the claim, as of the date of the filing of the Debtor's petition, exceeded the value of the Debtor's property securing such claim.

D.   Allowed Secured Claim:  Allowed Secured Claim means the Allowed Amount of a claim secured by a lien, security interest, encumbrance or other charge against any interest in any property of the estate (as defined in §541 of the Code), which lien, security interest encumbrance or other charge is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, to the extent of the value of the interest of the holder of such Claim in such property as determined in accordance with §506(a) and §506(b) of the Code, after such Claim is allowed by the Court following an objection, if any, to the Allowance of such Claim.

E.   Allowed Unsecured Claim:  Allowed Unsecured Claim means the Allowed Amount of a Claim against the Debtor which has been liquidated, matured and non-contingent, for which the holder of the claim holds no security for the repayment thereof.

3

F. Bankruptcy Code: Bankruptcy Code means Title 11 of the United States Code, 11 U.S.C. Sections 101 et seq., as amended.

G. Claim: Claim means any right of repayment which is evidenced by a Proof of Claim or Application for Payment for Compensation that was

1. timely filed;

2. deemed filed pursuant to §1111(a) of the Code; or

3. filed late with leave of the Bankruptcy Court after notice and opportunity for hearing to the Debtor.

H. Claims of the Estate: Claims of the Estate means all asserted and unasserted claims of the Debtor, existing prior to confirmation, against anyone.

I. Code: Code means the Bankruptcy Code, Title 11, United States Code as the same is operative in this case.

J. Commencement Date: The date the bankruptcy cases were commenced, which was October 10, 2017.

K. Confirmation Date: Confirmation Date means the date the Clerk of the Bankruptcy Court enters the Confirmation Order in the Clerk's docket.

L. Confirmation Order: Confirmation Order means the order of the Bankruptcy Court confirming this Plan and any amendment thereto.

4

M.   Court:  Court means Bankruptcy Court.

N.   Debtor:  Debtor means G6 Limited Partnership and its bankruptcy estate, whose Chapter 11 case was commenced by the filing of the voluntary Chapter 11 Petition.

O.   Disclosure Statement:  Disclosure Statement means the disclosure statement pertaining to the Plan which is submitted by the Debtor to the Court for approval, pursuant to Section 1125(b) of the Code.

P.   Disputed Claim:  Disputed Claim means a claim that was listed as disputed by the Statements, Lists and Schedules filed by the Trustee with this court, on Schedule F of such Schedules. A claim so listed is not an Allowed Claim unless a proof of claim is filed and allowed by the Court.

Q.   Effective Date:  Effective Date means that date on which the Confirmation Order becomes a Final Order, unless shortened or extended by order of this Court or by agreement of the parties.

R.   Executory Contracts:  All unexpired leases and executory contracts as defined by §365 of the Code.

S.   Final Order:  Final Order means an order, judgment or other decree of the Bankruptcy Court, including, without limitation, a stipulation or other agreement entered into which is ordered by the Bankruptcy Court, the operation or effect of

5

which has not been reversed or stayed and as to which order, judgment or other decree (or any revision, modification or amendment thereof) the time to appeal or seek review has expired and as to which no appeal or petition for review or certiorari has been taken or is pending (or if such appeal or petition has been taken or granted, it has been finally decided).

T.    Plan:  Plan means this Plan of Reorganization filed by the Debtor.

U.    Professional Persons: Professional Persons means the persons retained or to be compensated pursuant to Sections 327, 328, 330 and 503(b) of the Code.

V.    Property:  Property means the Debtor's real property as described in the Debtor's schedules and in the Disclosure Statement filed by the Debtor.

W.    Rules:  Rules means the Bankruptcy Rules as the same be amended and supplemented, including the local rules of this Court.

X.    Reorganized Debtor:  Reorganized Debtor means the Debtor as it exists upon entry of the Confirmation Order and operating under this Plan and the Confirmation Order.

Y.    Sale:  Subject to court approval, the Debtor has hired real estate sales companies, Hall and Hall, LLP and First United Realty, Inc. to sell the Property either by auction or by

6

regular sale.  The Debtor anticipates that the Property will be sold for between $5 million and $10.2 million.

II.  GENERAL PROVISIONS APPLICABLE TO ALL CLAIMS

A.  Pursuant to §506(a) of the Code, and Bankruptcy Rule 3012, the Court shall determine the value of any claims secured by a lien on property in which the estate has an interest, at the confirmation hearing set on the Plan.  The claim shall be secured to the extent of the value of the collateral as determined by the Court (or as stipulated to by the Debtor and the holder of the secured claim), and unsecured for the balance, if any.  For purposes of voting on the Plan of Reorganization, the Court shall estimate any claim when requested to do so at the hearing on confirmation.

B.  The Plan provisions which will apply to each class upon confirmation of the Plan need not be further reduced to writing and executed by the parties in order to be binding; however, parties wishing to reduce the provisions of the Plan to writing shall tender all documents effectuating the terms of this Plan to the attorney for the Debtor for approval prior to their execution.  Unless otherwise agreed by the parties, the terms of the existing written instruments shall control except where in conflict with the provisions of this Plan.

7

C.    Payments under the Plan shall be due on the 5th of each calendar month unless otherwise specifically provided in the treatment of a particular class.

D.    The stay pursuant to 11 U.S.C. §362(a) shall be in full force and effect as to all creditors in this Plan, until such time as the Plan is fully consummated and the case is closed, or until further order of this Court.

III. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

In accordance with 11 U.S.C. Section 1122, all claims against the Debtor are classified and treated as follows:

A.    Class 1: Allowed Administrative Claims.

Class 1 shall consist of allowed administrative costs and expenses, the attorney's fees and costs for all Debtor associated with Plan confirmation and associated claims litigation, and the fees and costs for and any unpaid post-petition taxes or quarterly fees of the United States Trustee. These claims will be paid in full on the Effective Date of the Plan or shall be paid in installments as agreed by the holder of any such claim. The Debtor estimates that attorney's fees and costs will total approximately $15,000 this case of which amount $6,587.54 has been paid.

B.    Class 2: Allowed Priority claims of governmental units.

8

1.    Classification:  Class 2 consists of Allowed Claims by local, state and federal governmental taxing authorities.  The Debtor believes there are no Class 2 claims.

C.    Class 3: Allowed Secured Claim of Barbara Owens, Trustee.

1.    Classification:  Class 3 consists of Allowed Secured Claim asserted against the Debtor and the Property by Barbara McGoffin Owens Revocable Trust by Barbara Owens, trustee on the Property.  The Debtor believe and are informed that the Class 3 creditor is owed $1,250,000, plus interest, costs and reasonable attorney's fees all of which is fully secured by the collateral.

2.    Impaired: Class 3 is impaired.

3.    Treatment: Under §506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if  any, unless the creditor, if eligible, elects to have its claim treated as fully secured. The Class 3 claim shall not be modified by this plan and shall paid in full from the Sale of the Property.

D.    Class 4: Allowed Secured Claims of Cochise County Treasurer.

1.    Classification:  Class 4 consists of Allowed Secured Claim asserted against the Property by Cochise County Treasurer

9

for real property taxes on the Property in the approximate amount of $2,500.

2. Impaired: Class 4 is impaired.

3. Treatment: Under §506 of the Bankruptcy Code, a secured creditor has a secured claim to the extent of the creditor's interest in the Debtor's interest in the collateral and an unsecured claim for the balance, if any, unless the creditor, if eligible, elects to have its claim treated as fully secured. The Class 3 claim shall not be modified by this plan and shall paid in full from the Sale of the Property.

E. Class 5: General Unsecured Creditors class

1. Classification: Class 5 shall consist of all Allowed Unsecured Claims against all of the Debtor, including tax claims not entitled to priority, if any, the claims of trade creditors, judgment creditors and any general unsecured claim whose claims are allowed. The Debtor estimates that this class is owed over $454,000.

2. Impaired: Class 5 is impaired.

3. Treatment: The Debtor shall pay Class 5 claims in full from the Sale of the Property.

F. Class 6: Equity Interest in the Debtor.

1. Classification: Class 6 consists of the equity security interests of Ernest L. and Mary Ellen Graves (99%) and EME Management Group, LLC (1%) in the Debtor.

2. Impaired: Class 6 is unimpaired.

Treatment: Class 6 claimants shall retain their equity interest in the Debtor. The Debtor is aware of the absolute priority rule but asserts that as this is a full payment plan, the Plan is in compliance.

IV. MEANS FOR EXECUTION OF THE PLAN

Continuation of the Debtor's Business: The Debtor, as reorganized, will engage in business, retain all property of the estate, excepting property which is to be sold or otherwise disposed of as provided for herein (if applicable), executory contracts which are rejected pursuant to this Plan, and property transferred to creditors of the Debtor pursuant to the express terms hereof. The retained property shall be used and employed by the Debtor in the continuance of its business.

The Debtor will hire, subject to Court approval, Hall and Hall, LLP and First United Realty, Inc. to sell the Property either by auction or by regular sale. The Debtor anticipates the proceeds of such sale will be sufficient to pay all Allowed Claims in full.

V. QUARTERLY FEES AND REPORTS

Debtor shall continue to pay quarterly fees to the U.S. Trustee until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 case. Debtor shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization and/or the end of the calendar quarter in which the Plan was confirmed. At such time, Debtor shall cease filing monthly operating reports and shall begin filing quarterly post confirmation reports. These quarterly reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

VI.  IMPLEMENTATION AND CONSUMMATION OF PLAN

The terms of the Plan subsequent to confirmation shall bind the Debtor, any entity acquiring property under the Plan, and creditor or claimant, whether or not such creditor or claimant has accepted the Plan. All property of the estate shall vest in the Debtor and shall be free from attachment, levy, garnishment or execution by creditors bound by the Plan.

ALL SECURED CREDITORS SHALL PROVIDE THE DEBTOR WITHIN 60 DAYS OF THE EFFECTIVE DATE OF THE PLAN, A NEW PAYMENT BOOK AND/OR MONTHLY STATEMENTS REFLECTING THE NEW MONTHLY PAYMENTS AMOUNTS DUE AS SET FORTH UNDER THE TERMS OF THE CONFIRMED PLAN OF REORGANIZATION.

12

It shall be the obligation of each creditor participating under the Plan to keep the Debtor advised of its current mailing address. In the event any payments tendered to creditors are mailed, postage prepaid, addressed (1) to the address specified in the Debtor schedules and statement, (2) to the address specified in any proof of claim filed by a creditor or claimant herein, or (3) to the address provided by any such creditor or claimant for purposes of distribution, and if subsequently the Post Office returns such distribution due to lack of insufficiency of address or forwarding address, the Debtor shall retain such distribution for a period of six (6) months. Thereafter, the distribution shall revert to the Debtor without further Order of the Court and be free and clear of any claim of the named distributee. The Debtor shall thereafter not be required to mail subsequent distributions to any creditor for whom a distribution has been returned by the Post Office.

The Debtor reserve the right to modify the Plan in accordance with §1127 of the Bankruptcy Code. The Plan may be modified prior to confirmation provided that the Plan still complies with §1122 and §1123 of the Bankruptcy Code. The Plan may be modified subsequent to confirmation and before substantial consummation of the Plan under such circumstances as may warrant such under §1123 of the Bankruptcy Code. Any holder

13

of a claim or interest that has been previously accepted or rejected under a confirmed Plan, shall be deemed to have accepted or rejected any subsequently modified Plan unless the holder of such claim or interest changes its acceptance or rejection of the Plan within the time fixed by the Court.

VII. GENERAL PROVISIONS

A.    Notwithstanding any other provision of this Plan, each claim shall be paid only after it has been allowed in accordance with the Code.

B.    At the option of the Debtor, this Plan may be withdrawn at any time prior to the Effective Date of the Plan. Such option shall be exercised by the filing in the case of a notice of withdrawal and mailing a copy of such notice to all creditors, equity security holders and persons specially requesting all notices in this case. If such option is timely and properly exercised, the case shall continue and be administered as if the Plan has been withdrawn prior to the confirmation.

C.    Pursuant to Section 1123(b)(3)(B) of the Code, the Debtor shall retain each and every claim, demand or cause of action whatsoever, which the Debtor had or had power to assert immediately prior to confirmation of the Plan, including without limitation, actions for the avoidance and recovery pursuant to

14

Section 550 of the Code or transfers avoidable by reason of Sections 544, 545, 548, 549 or 553(b) of the Code, and may commence or continue in any appropriate court or tribunal and suit or other proceeding for the enforcement of same.

D.   Default of Plan Provisions:  The Debtor's failure to make any payment due under the Plan within sixty (60) days after demand for payment after its due date shall constitute a default unless the Debtor and the affected creditor agree to delayed payment.  Upon default, creditors may pursue any remedy provided by the state or federal law, including foreclosing any security interest, suing on any promissory note issued or continued in effect under the Plan.

E.   Retention of Jurisdiction.  Notwithstanding confirmation of the Plan, the Court will retain exclusive jurisdiction the following purposes (but such is not a limitation):

1.   Determination of the allowability of claims and interests upon objection to such claims by the Debtor, the Reorganized Debtor, or any other party in interest.

2.   The classification of the claim of any creditor and the re-examination of the claims which have been allowed for purposes of determining acceptances at the time of confirmation and the determination of such objections as may be filed to

15

creditor's claims.  The failure to object to, or to examine any claim for the purposes of determining acceptance, shall not be deemed to be a waiver of the right to object to, or re-examine the claim in whole or in part.

3.   Resolution of controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, any of the instruments issued under the Plan or any other documenta¬tion evidencing the terms of the Plan.

4.   Rejection of executory contracts and unexpired leases that are not discovered prior to confirmation and allowance of claims for damages as to the rejection of any such executory contracts or unexpired leases within such further time as this Court may direct.

5.   Implementation of the provisions of the Plan and entry of orders in aid of confirmation of the Plan, including, without limitation, appropriate orders to protect the Reorganized Debtor.

6.   Any and all applications for payment for fees from the Debtor made by attorneys and other professionals pursuant to §§ 330 or 503 of the Code, or for payment of any other fees or expenses authorized to be paid by the Debtor under Section 327 of the Code and any objections thereto.

7. Any and all motions, applications, adversary proceedings and contested or litigated matters properly before the Bankruptcy Court.

8. Modifications of this Plan. This Plan may be modified in accordance with the provisions of the Bankruptcy Code and Chapter 11. In this regard: a) in accordance with Section 1127(a) of the Bankruptcy Code and Chapter 11, 11 U.S.C. Section 1127(a), modification(s) of the Plan may be proposed in writing by the Debtor at any time before confirmation, provided that the Plan, as thus modified meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code and Chapter 11, 11 U.S.C. Section 1122 and 1123; and provided further that the circumstances then existing justify such modification(s), and the Bankruptcy Court confirms the Plan as thus modified, under Section 1129 of the Bankruptcy Code and Chapter 11, 11 U.S.C. Section 1129; b) any holder(s) of a claim or equity interest(s) that has accepted or rejected the Plan will be deemed to have accepted or rejected, as the case may be, the Plan as modified unless, within the time fixed by the Bankruptcy Court for doing so, such holder(s) changes its previous acceptance or rejection; and c) every modification of the Plan will supersede the previous version(s) of the Plan as and whenever each such modification is effective provided in this Article. When

17

superseded, the previous version(s) of the Plans will be in the nature of a withdrawn or rejected settlement proposal(s), and will be null, void and unusable by the Debtor or any other party for any purpose(s) whatsoever with respect to any of the contents of such version(s) of the Plan.

9. All matters relating to the implementation or consummation of this Plan.

10. Entry of a final decree closing the Debtor's case.

VIII.     CLAIMS AND INTERESTS IMPAIRED UNDER THE PLAN

If at the confirmation hearing it appears that there is a dissenting class of creditors who are impaired, the Debtor intends, pursuant to the Bankruptcy Code Section 1129(b), as Debtor of the Plan, to ask the Court to confirm the Plan notwithstanding nonacceptance by an impaired class and to find that the Plan does not discriminate unfairly and is fair and equitable with respect to the class of claims that is impaired hereunder.

IX.  MISCELLANEOUS PROVISION

A.    Securities Law: Any satisfaction or exchange provided to any creditor pursuant to this Plan which may be deemed to be a security is exempt from registration under certain state and federal securities laws pursuant to Section 1145 of the Code. Absent registration or another exemption from the requirements

of registration pursuant to the Securities Act of 1933, as amended, and any applicable state securities laws, the subsequent transfer of any such securities is not so exempt.

B.    Title to Property: Upon confirmation, all assets of the Debtor will be reinvested in the Debtor.

C.    Curing of Defaults: The confirmation of a plan shall result in the curing of any default to the holder of a claim or interest according to the terms and conditions of the Plan.

X.    CLOSING OF THE CASE

At such time as the case has been fully administered, that is, when all things requiring action by the Court have been done, and the Plan has been substantially consummated, this case shall be closed. To close the case the Debtor shall file an application for final decree showing that the case has been fully administered and that the Plan has been substantially consummated. The Court shall conduct a hearing upon the application after notice to all creditors, equity security holders and persons specially requesting notice, after which an order approving the Debtor's report and closing the case (final decree) may be entered.

In the period after confirmation but before closing of the case, the Debtor may continue to avail itself of the services of professional persons whose employment was approved at or prior

19

to confirmation in completing administration of the case and in the consummation and performance of the Plan, and, if necessary, with approval of the Court employ additional professional persons to render services in and in connection with this case. With respect to services rendered and expenses incurred in or in connection with the case by any professional person during such period, the professional person may render periodic billings therefore to the Debtor which shall promptly pay the same, but each such payment shall be subject to review and approval by the Court as to reasonableness thereof, as set forth herein below. In its application for final decree, the Debtor shall detail all amounts paid during such period to professional persons as compensation for services rendered or reimbursement of expenses incurred, and with respect to which no prior allowance thereof has been made by the Court. At the hearing on the Debtor's application for final decree the Court shall consider and determine whether or not such payments shall be approved as reasonable.

Confirmation of this Plan shall constitute a discharge of any debt that arose prior to confirmation and any debt of any kind specified in Bankruptcy Code Section 502(g), (h) and (i), other than those liabilities expressly to be assumed hereby by the Reorganized Debtor.

XI.  RESOLUTION OF DISPUTED CLAIMS

The Schedules on file with this Court list each Claim as a Disputed Claim.  Any holder of a Disputed Claim shall timely file a Proof of Claim with the Court.  If no Proof of Claim is filed, then such claim remains a Disputed Claim and the Debtor shall have no further obligation to pay such Disputed Claim.

If no objection to any timely filed Proof of Claim is filed by any party in interest on or before the hearing on confirmation of this Plan, then any such timely filed Proof of Claim shall be an Allowed Secured Claim or an Allowed Unsecured Claim.

In the event that an objection to a Proof of Claim shall be timely filed with the Court, such objection shall provide what portion of the amount of such claim is disputed and what portion, if any, is undisputed.

XII. EFFECT OF CONFIRMATION

Except as otherwise provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination, and a discharge, effective as of the Effective Date, of any and all debts of the Debtor that arose at any time before the date of the Confirmation Order, pursuant to 11 U.S.C. Section 1141(d)(1).  The discharge of the Debtor shall be effective as to each claim, regardless of whether a proof of

claim thereof was filed, whether the claim is an Allowed Claim or whether the holder thereof votes to accept the Plan.  The Debtor shall be free to manage its affairs without further order of this Court.

XIII.        EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Unless rejected prior to Confirmation or under this Plan, the Debtor hereby expressly assumes all executory contracts to which the Debtor is a party, but such contracts are not assigned to the Debtor unless the Debtor shall expressly, in writing, assume such contracts.

DATED this July 9, 2018.

_/s/ Daniel J. Rylander_____
DANIEL J. RYLANDER
     DANIEL J. RYLANDER, P.C.
Attorney for Debtor

Approved:
Debtor G6 Limited Partnership


By:  /s/ *Ernest L. Graves*
     Ernest L. Graves
     Manager of EME Management Group, LLC, general partner

22